IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>      Plaintiff,<br><br>v.<br><br>LAWRENCE DENNEY, Secretary of State of Idaho, and THE DEMOCRATIC PARTY OF IDAHO.<br><br>      Defendants. | Case No. 1:17-cv-00411-BLW<br><br>**INITIAL REVIEW ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's application to proceed without payment of fees (Dkt. 1) and Plaintiff's Complaint (Dkt. 2). For the reasons explained below, the Court will dismiss the Complaint with prejudice, and deny the application as moot.

## BACKGROUND

Plaintiff alleges that he is an indigent, disabled, African American resident of Nevada. *Compl.* ¶ 6, 23, Dkt. 2. He alleges that he ran as a Democratic candidate for President of the United States in the 2016 election, and that he was placed on the official ballot in one jurisdiction, Palm Beach County, Florida. *Id*. ¶ 16-17. Plaintiff states that he plans to run for president again in 2020. *Id*. ¶ 27. Plaintiff alleges he contacted several secretaries of state and was told that in order to get placed on the ballot in a primary or general election "he would have to get a minimum number of petitions signed by constituents of each jurisdiction in which he wanted to run for president in the general

election." *Id*. ¶ 18. Plaintiff's alleges that such signature requirements as unconstitutional, and in violation of various federal statutes.

Plaintiff filed a Complaint in this Court on October 10, 2017 against the Secretary of State of Idaho, and the Democratic Party of Idaho. *Id*. ¶ 7-8. He alleges that the Defendants refused to place him on the ballot for the primary and presidential elections in 2016. *Id*. ¶ 17. Plaintiff has filed similar actions against numerous other states, several of which have been summarily dismissed pursuant to the district courts' Section 1915 screening process. *See Emrit v. Secretary of Hawaii*, No. 17-00504-DKW-RLP, 2018 WL 264851 at *2 n.3 (D. Hawai'i Jan. 2, 2018) (collecting cases).[1]

Plaintiff alleges violations of his equal protection rights, substantive due process rights, and procedural due process rights under the Fifth and Fourteenth Amendments, as well as violations of the Privileges and Immunities Clause. Plaintiff further alleges violations under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"),

---

[1] The District of Hawaii compiled the following list: *Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Dec. 8, 2017), Dkt. Nos. 4 and 9 (dismissing with prejudice Emrit's identical claims against Minnesota Secretary of State, ordering that Emrit be restricted from filing new cases in the district unless represented by licensed counsel, or with prior written authorization from a judicial officer, while noting that Emrit has initiated approximately 150 federal lawsuits since 2013); *Emrit v. Wyoming Sec. of State*, 2:17-cv-00174-SWS (D. Wyo. Oct. 31, 2017), Dkt. No. 3 (dismissing case, noting "that Wyoming does not hold a Presidential primary election [, no] candidates were placed on the ballot for the Presidential primary in 2016, because there was no Presidential primary election in Wyoming"); *Emrit v. Johnson*, 2:17-cv-13337 GCS-RSW (E.D. Mich. Oct. 19, 2017), Dkt. No. 4 (dismissing with prejudice identical claims against Michigan Secretary of State as frivolous); *see also, e.g., Emrit v. Hammond*, 3:17-CV-2736-JFA (D.S.C. filed Oct. 10, 2017); *Emrit v. Oliver*, 1:17-CV-1024 JCH-GBW (D.N.M. filed October 10, 2017); *Emrit v. Silrum*, 1:17-CV-0212-CSM (D.N.D. filed Oct. 10, 2017); *Emrit v. Stapleton*, 1:17-CV-0136 (D. Mont. filed Oct. 10, 2017); *Emrit v. Kansas Sec. of State*, 2:17-CV-2593-CM-GLR (D. Kan. filed Oct. 10, 2017); *Emrit v. Dunlap*, 1:17-CV-0402-CZS (D. Maine filed Oct. 11, 2017); *Emrit v. Sec. of State of Alaska*, 5:17-CV-6-SLG (D. Alaska filed Oct. 11, 2017); *Emrit v. Krebs*, 1:17-CV-1027-CBK (D.S.D. filed Oct. 12, 2017); *Emrit v. NH Sec. of State*, 1:17-CV-0489-PB (D.N.H. filed Oct. 13, 2017); *Emrit v. Condos*, 5:17-CV-0204-GWE (D. Ver. filed Oct. 11, 2017).

and the Americans with Disabilities Act ("ADA"). Plaintiff also alleges state law claims of negligence and breach of contract. Plaintiff seeks monetary relief for 45 million dollars and injunctive relief in the form of ordering Defendants to place him on the ballot for the primary and general election in Idaho in 2020.

## STANDARD OF LAW

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. 1915(a)(1). In order to qualify for in forma pauperis status, Plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can

be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt.  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs – whether represented or not – have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusion." *Id.* at 678-79. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v.*

*Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

## ANALYSIS

The basis of Plaintiff's claims is that Defendants refused to place him on the ballot in 2016, and that he anticipates they will similarly refuse to place him on the ballot in 2020. Plaintiff has alleged no facts in support of this claim. He states only that he spoke with several secretaries of state and was informed that he would need to collect a minimum number of signatures before being placed on the ballot as a candidate for president in 2016. He does not identify the specific law that he is challenging. He does not allege that he spoke with the Defendant Secretary of State or any representative of the Democratic Party of Idaho. Although Plaintiff alleges that he filed as a candidate with the FEC, he does not allege any facts as to other steps he took, if any, to qualify as either a democratic or independent candidate for president in Idaho during 2016.

Idaho Code § 34-708A requires a person to collect 1,000 signatures from qualified electors in order to qualify as an independent candidate for president in Idaho, but it does not impose any requirements on party candidates. Plaintiff has not identified any federal, state, or local law or regulation requiring a candidate to submit a certain number of signatures to be placed on the general election ballot as the Democratic candidate. The Democratic nominee for a presidential general election is chosen by delegates from the various state parties at a national nominating convention, and the nominee who emerges

from that process is named as the Democratic candidate on the ballot for the general election in every state. Plaintiff was not the Democratic nominee for president in 2016, and if he runs in 2020, there is no evidence suggesting that he would need to collect signatures under any federal, state, or local law or regulation to become the Democratic nominee and be so listed on the ballot in Idaho.

Further, the Democratic Party of Idaho does not currently hold a presidential primary, but instead holds caucuses across the state. Plaintiff has identified no federal, state, or local law or regulation requiring a candidate to collect a certain number of signatures in order to participate as a candidate in the Democratic Party of Idaho's Presidential Caucuses. Thus, Plaintiff's claims against the Democratic Party of Idaho are patently frivolous and will be dismissed without leave to amend.

Having disposed of Plaintiff's claims against the Democratic Party of Idaho, the Court will now turn to his claims against Secretary Denney, starting with his constitutional claims. Plaintiff has alleged that any requirement that he obtain a certain number of signatures to qualify as an independent candidate for president, such as that codified in Idaho Code § 34-708A, is a violation of his constitutional rights under the Privileges and Immunities Clause, and the Fifth and Fourteenth Amendments to the Constitution.

The Court finds that Plaintiff has failed to state a claim under the Privileges and Immunities Clause. A challenge under the Privileges and Immunities Clause requires a two-step inquiry. *Marilley v. Bonham*, 844 F.3d 841, 846 (9th Cir. 2016) (internal citations omitted). "At step one, the plaintiff bears the burden of showing that the

**INITIAL REVIEW ORDER- 6**

challenged law falls within the purview of the Privileges and Immunities Clause." *Id*. If the plaintiff satisfies step one, "at step two the burden shifts to the state to show that the challenged law is "closely related to the advancement of a substantial state interest." *Id*.

To satisfy the first step, the plaintiff must show that the challenged law treats nonresidents differently from residents. *Id.* Plaintiff has alleged no facts suggesting that, as a nonresident, he was treated differently than residents of Idaho. Nor has Plaintiff shown that Idaho Code § 34-708A treats nonresidents differently than residents of Idaho. In fact, the signature requirement for an independent candidate is the same regardless of the candidate's state citizenship. Plaintiff's claim therefore fails as a matter of law and cannot be saved by amendment. As such, Plaintiff's claim under the Privileges and Immunities clause will be dismissed without leave to amend.

Plaintiff also claims that the signature requirement is a violation of his equal protection and substantive due process rights under the Fourteenth and Fifth Amendments. There is no fundamental right to candidacy, and "the existence of barriers to a candidate's access to the ballot does not of itself compel close scrutiny." *Clements v. Fashing*, 457 U.S. 957, 963 (1982) (internal citations omitted). Rather, "the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights." *Burdick v. Takushi*, 504 U.S. 428, 434 (1992). When state election laws subject First Amendment rights to "severe restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance.'" *Id.* "But when a state election law provision imposes only 'reasonable, nondiscriminatory restrictions' upon the First and Fourteenth

Amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions." *Id*. (citing *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983)). For ballot access restrictions, "[t]he inquiry is whether the challenged restriction unfairly or unnecessarily burdens the availability of political opportunity." *Clements*, 457 U.S. at 964.

Signature requirements have generally been upheld as a reasonable means of achieving states' "important interests in protecting the integrity of their political processes from frivolous or fraudulent candidacies, in ensuring that their election processes are efficient, in avoiding voter confusion caused by an overcrowded ballot, and in avoiding the expense and burden of run-off elections." *Id.* at 965 (collecting cases). Thus, to the extent Plaintiff is challenging Idaho's signature requirements as unconstitutional on their face, the claim fails and cannot be cured through amendment.

Plaintiff alleges that the signature requirements are unlawful as applied to him, because they unconstitutionally discriminate against him on the basis of race and violate his rights under the ADA. Plaintiff has alleged no facts to support either of these claims, other than that he is a member of the relevant protected classes. Because Plaintiff has failed to allege any facts demonstrating that the signature requirement was imposed due with racial animus, or that the effect of the requirement is to discriminate against African Americans or people with disabilities, his claims fail, and will be dismissed.

The Court declines to find there are no circumstances in which the plaintiff could show that signature requirements have a discriminatory effect on certain classes of candidates. It finds, however, that allowing Plaintiff to cure his complaint through

amendment would be futile in this particular case. As noted by the court in *Emrit v. Hawaii*, despite the fact that plaintiff is proceeding pro se, he "is more than familiar with his federal court filing and pleading responsibilities, given his numerous prior actions." *Emrit v. Secretary of Hawaii*, No. 17-00504-DKW-RLP, 2018 WL 264851 at *2.[2] In the Hawaii case, Plaintiff raised nearly identical claims as in the instant action. *Id.* at *1. In dismissing Plaintiff's Third Amended Complaint with prejudice, the court found that amendment would be futile where Plaintiff had failed, on his fourth try, to correct the deficiencies found by the court in his previous complaints. *Id.* at 2. (citing *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding that leave to amend may be denied "where amendment would be futile.").

Plaintiff also filed two separate amended Complaints in this action. *See First Am. Compl.*, Dkt 5; *Second Am. Compl.* Dkt 7. Although they were out of time, the Court reviewed both amended pleadings to determine whether justice would be served by granting leave to amend.[3] Both pleadings were filed after district courts in Michigan, Minnesota, and Wyoming had dismissed similar actions for frivolousness and failure to

---

[2] Indeed, a court in Minnesota found that Plaintiff had filed approximately 150 federal lawsuits since 2013. *See id.* at *2 n.3.

[3] Plaintiff filed the instant action on October 10, 2017. He filed a First Amended Complaint on November 12, 2017, and a Second Amended Complaint on December 11, 2017. Both the First and Second Amended Complaints were filed outside the 21-day period where a party may amend its pleading as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(A). As such, Plaintiff was required to seek leave from the Court prior to filing an amended pleading. *Id.* at 15(a)(2). He did not do so. Although the Court will construe Plaintiff's filing of the First and Second Amended Complaints as Motions for Leave to Amend, it will deny both motions. Rule 15(a)(2) directs courts to freely give leave to amend when justice requires. After review of the amended pleadings, however, the Court finds that neither pleading remedies the deficiencies in Plaintiff's original Complaint. As both Amended Complaints would be dismissed on the same grounds as the original Complaint addressed herein, the Court finds that justice does not require that Plaintiff be granted leave to amend his Complaint out of time.

state a claim. *See Emrit v. Secretary of Hawaii*, No. 17-00504-DKW-RLP, 2018 WL 264851 at *2 n.3 (citing *Emrit v. Simon*, 17-cv-04605 SRN-SER (D. Minn. Dec. 8, 2017), Dkt. Nos. 4 and 9 (dismissing with prejudice claims against Minnesota Secretary of State); *Emrit v. Wyoming Sec. of State*, 2:17-cv-00174-SWS (D. Wyo. Oct. 31, 2017), Dkt. No. 3 (dismissing case, noting "that Wyoming does not hold a Presidential primary election"); *Emrit v. Johnson*, 2:17-cv-13337 GCS-RSW (E.D. Mich. Oct. 19, 2017), Dkt. No. 4 (dismissing with prejudice claims against Michigan Secretary of State as frivolous)). Despite being on notice of the apparent deficits of his claims, Plaintiff failed to remedy them in his amended pleadings here. As such, the Court concurs with the finding of its sister court that granting leave to amend would be futile, and shall dismiss Plaintiff's constitutional claims with prejudice.

Plaintiff's remaining claims also fail. In order to state a claim under 42 U.S.C. § 1983 a plaintiff must show that there was a violation or deprivation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). In order to state a claim for a violation of procedural due process under the Fifth Amendment, a plaintiff must similarly show that he was deprived of a liberty interest. Finally, in order to state a claim for negligence, Plaintiff must show that Defendant Denney breached some duty to him. As discussed above, Plaintiff failed to allege sufficient facts to support a claim that he has a constitutional right or interest in unrestricted access to the ballot. Nor did Plaintiff allege sufficient facts to show that Secretary Denney has any duty to grant him access to the ballot, absent having collected the requisite number of signatures. Thus, these claims fail, and are due to be dismissed.

For the same reasons outlined above, the Court finds that allowing amendment would be futile in this case, and thus will deny Plaintiff leave to amend.

Finally, Plaintiff's Title VII claim and his claim for breach of contract are patently frivolous. Title VII prohibits discrimination in the employment context, and Plaintiff has alleged no facts indicating that he was employed or denied employment by Secretary Denney or the State of Idaho at any time. Nor does Plaintiff's primary complaint – that he was denied access to the ballot in a presidential election – have anything to do with discrimination in the employment context. As such, Plaintiff's claim under Title VII is patently frivolous and will be dismissed without leave to amend. Further, Plaintiff has alleged no facts suggesting that a contract exists or existed between himself and Secretary Denney related to placing Plaintiff on the ballot as an independent presidential candidate. As such, Plaintiff's contract claim is patently frivolous and will be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to summary dismissal under 28 U.S.C. § 1915(e)(2). As discussed above, it does not appear that Plaintiff would be able to cure the deficiencies if given leave to amend. Thus, Plaintiff's claims will be dismissed with prejudice.[4] As such,

---

[4] The Court notes that the Plaintiff has filed a notice of interlocutory appeal in this case. See Notice, Dkt. 9. Typically, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount co., 459 U.S. 56, 58 (1982). However, district courts do retain "some jurisdiction after a notice of appeal has been filed." United States v. Garner, 663 F.2d 834, 837 (9th Cir. 1981). "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Secretary of U.S. Navy, 365 F.2d 385, 389

Plaintiff's application to proceed *in forma pauperis* is deemed moot. Accordingly,

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff's Complaint (Dkt. 2) be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

IT IS FURTHER ORDERED, that Plaintiff's In Forma Pauperis Application (Dkt. 1) is FOUND MOOT.

IT IS FURTHER ORDERED, that Plaintiff's Amended Complaint (Dkt. 5) and Plaintiff's Second Amended Complaint (Dkt. 7) be DISMISSED with prejudice as untimely and futile.

IT IS FUTHER ORDERED, that the Clerk close this case.

DATED: April 18, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge

---

(9th Cir. 1966). Here, there has been no order as yet entered in this case that could serve as the basis of Plaintiff's appeal. Indeed, the Notice may have been filed in error, as it refers to the case being remanded to the District Court for the District of Wyoming, where Plaintiff had a similar case dismissed last fall. See Notice ¶ 7, Dkt. 9. As such, the Court has determined that its jurisdiction has not been ousted, because Plaintiff's purported notice of appeal was not taken from any appealable order. Ruby, 365 F.2d at 389.